KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Keith R. Murphy (KM-5827)

KAYE SCHOLER LLC
Three First National Plaza
70 West Madison Street, Suite 4100
Chicago, IL 60602-4231
Telephone: (312) 583-2300
Sheldon L. Solow, Esq.

*Counsel for Arthur Steinberg, as Receiver*
*for Northshore Asset Management, LLC, et al.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ARTHUR STEINBERG, as Receiver for**
**Northshore Asset Management, LLC, et al.,**

                            **Plaintiff,**

               -against-

**FONDATION LUCIE ET ANDRE CHAGNON,**

                          **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.
08-CV-_____

**08 CV 2390**

## COMPLAINT TO AVOID AND RECOVER TRANSFERS

Arthur Steinberg, the court-appointed receiver ("Receiver") for Northshore Asset

Management, LLC ("Northshore"), and certain other related and affiliated entities and funds (the

"Receivership Estate") including but not limited to Ardent Research Partners, Ltd. ("Ardent"),

by his undersigned counsel, states his complaint against Fondation Lucie et Andre Chagnon (the

"Defendant") as follows:

## I.    Parties

1.  The Receiver is a New Jersey resident with a business address at 425 Park Avenue, New York, New York.  He was appointed as temporary receiver for the Receivership Estate pursuant to that certain Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief ("TRO") entered by the United States District Court for the Southern District of New York on February 16, 2005.  A true and correct copy of the TRO is attached hereto as Exhibit A.

2.  Pursuant to an oral order entered by the Court at a hearing on February 25, 2005, and a written order entered by the Court on October 27, 2005 (the "Order"), Mr. Steinberg was named the permanent receiver for the Receivership Estate.  A true and correct copy of the Order is attached hereto as Exhibit B.

3.  The Receiver's specific duties regarding the Receivership Estate are set forth in Section XII of the TRO and authorize the Receiver to prosecute the above-captioned action.

4.  On information and belief, the Defendant is an entity with its principal address at 2001 McGill College Avenue, Suite 1000, Montreal, Quebec H3A 1G1, Canada.

## II.    Jurisdiction and Venue

5.  This action is brought pursuant to 28 U.S.C. § 2201(a) and sections XII (a), (d), (e), (g) and (j) of the TRO.

6.  Venue and jurisdiction are proper in this district pursuant to 28 U.S.C. § 1331(a), 28 U.S.C. § 754 and section XII of the TRO as this action involves an asset of the Receivership Estate and, upon information and belief, the Defendant conducts business in or otherwise has sufficient contacts with this judicial district and/or the United States.

### III.    Common Allegations

7.  Prior to December 31, 2002, the Defendant invested approximately $25,000,000 in Ardent (the "Investment").

8.  At the Defendant's request, on the following dates, Ardent made the following transfers (the "Redemptions") to the Defendant in full redemption of the Investment:

| Date | Amount |
|------|--------|
| October 1, 2003 | $9,999,996 |
| July 1, 2004 | $4,999,999 |
| August 1, 2004 | $4,999,999 |
| September 1, 2004 | $4,999,999 |

9.  The value of the assets, securities and funds of Ardent were far less than the value Ardent (a) represented to investors and (b) utilized in granting redemption requests including with respect to the Redemptions due to, inter alia, the ongoing fraud at Ardent and the illiquid nature and overstated value of Ardent's investments.

10.  The Defendant received $3,003,345 in excess of the amounts properly payable to the Defendant in connection with the Redemptions based on Ardent's actual net asset value as of the dates of the Redemptions (the "Improper Transfers").

11. On or about May 10, 2006, counsel for the Receiver sent to Defendant's last known address a letter demanding repayment of amounts including the Improper Transfers.

### COUNT I
### (Avoidance and Recovery of Fraudulent Transfer Under New York Law)

12. The Receiver repeats and realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. The Improper Transfers involved transfers of Ardent's property within six years of the Receiver's appointment.

14. Ardent received less than fair consideration from the Defendant on account of the Improper Transfers.

15. As of the date of the Improper Transfers, Ardent (a) was insolvent or became insolvent on account of the Improper Transfers; (b) was engaged in a business or was about to engage in a business for which its remaining property after the Improper Transfers was unreasonably small capital; or (ii) intended to incur, or believed that it would incur debts that would be beyond its ability to pay as such debts matured.

16. The Improper Transfers are avoidable by the Receiver pursuant to N.Y. DEBTOR AND CREDITOR LAW § 270 et seq. (McKinney 2005).

WHEREFORE, the Receiver demands judgment (i) declaring that the Improper Transfers constitute an avoidable transfer pursuant to N.Y. DEBTOR AND CREDITOR LAW § 270 et seq. (McKinney 2005); (ii) avoiding the Improper Transfers and ordering the Defendant to return to the Receivership Estate the full value of the Improper Transfers in the minimum amount of not less than $3,003,345, plus interest thereon from and after the date the last redemption payment was received at the applicable legal rate; and (iii) awarding such other and further relief as may be warranted under the circumstances.

## COUNT II

### (Conversion)

17. The Receiver realleges and incorporates paragraphs 1-16 of the Complaint as if fully set forth herein.

18. The funds utilized by Ardent in making the Improper Transfers are clearly identifiable.

19. Following the Improper Transfers, the Defendant exercised unlawful dominion, control and ownership over the funds which comprised the Improper Transfers to the exclusion of Ardent.

20. The Receiver is entitled to immediate possession of the funds which comprise the Improper Transfers.

WHEREFORE, the Receiver demands judgment (i) ordering the Defendant to return to the Receivership Estate the full value of the Improper Transfers in the minimum amount of not less than $3,003,345, plus interest thereon from and after the date the last redemption payment was received at the applicable legal rate; and (ii) awarding such other and further relief as may be warranted under the circumstances.

## COUNT III
### (Unjust Enrichment)

21. The Receiver realleges and incorporates paragraphs 1-20 of the Complaint as if fully set forth herein.

22. The Improper Transfers were derived from Ardent's funds.

23. The receipt and retention of the Improper Transfers conferred a significant benefit on the Defendant to the detriment of Ardent and its other investors.

24. The retention of this benefit by the Defendant would be inequitable and unjust if the Defendant fails to repay Ardent in an amount in excess of $3,003,345, plus legal fees and costs.

WHEREFORE, the Receiver demands judgment (i) ordering the Defendant to return to the Receivership Estate the full value of the Improper Transfers in the minimum amount of not less than $3,003,345, plus interest thereon from and after the date the last redemption payment was received at the applicable legal rate; and (ii) awarding such other and further relief as may be warranted under the circumstances.

Dated: New York, New York
March 7, 2008

KAYE SCHOLER LLP

By: _____
Keith R. Murphy (KM-5827)
425 Park Avenue
New York, NY 10022
(212) 836-8000 telephone
(212) 836-7157 facsimile

-and-

KAYE SCHOLER LLC
Three First National Plaza
70 West Madison Street, Suite 4100
Chicago, Il 60602-4231
(312) 583-2300 telephone
(312) 583-2360 facsimile
Sheldon L. Solow, Esq.

Counsel to the Receiver

# EXHIBIT A

*GRIESA,*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,

                    - against -

NORTHSHORE ASSET MANAGEMENT, LLC.,
ARDENT RESEARCH PARTNERS L.P.,
ARDENT RESEARCH PARTNERS LTD.,
SALDUTTI CAPITAL MANAGEMENT, L.P.,
KEVIN KELLEY, ROBERT WILDEMAN,
and GLENN SHERMAN,

                                    Defendants.
----------------------------------------------------------x



JUDGE GRIESA

05 CV Civ. (    )  2192

USM 5W
SDNY

## ORDER TO SHOW CAUSE,
## TEMPORARY RESTRAINING ORDER,
## AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission (the "Commission")

for an Order:

(1)    directing Defendants Northshore Asset Management, LLC ("Northshore"), Ardent

Research Partners L.P. ("Ardent Domestic"), Ardent Research Partners Ltd. ("Ardent Offshore"),

Saldutti Capital Management, L.P. ("SCM"), Kevin Kelley ("Kelley"), Robert Wildeman

("Wildeman"), and Glenn Sherman ("Sherman") (collectively, "the Defendants") to show cause

why an order should not be entered, pending a final disposition of this action:

         (a)    preliminarily enjoining

    (i)    the Defendants from violating Section 17(a) of the

Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a);

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"),

15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5;

and

    (ii)    Defendants Northshore, SCM, Kelley, Wildeman and Sherman from

violating Sections 206(1) and 206(2) of the Investment Advisers Act of

1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2);

    (b)    freezing the Defendants' assets as specified herein;

    (c)    appointing a receiver for Northshore, SCM, Ardent Domestic, and Ardent

Offshore;

    (d)    directing each of the Defendants to provide verified accountings immediately; and

    (e)    prohibiting the destruction or alteration of documents.

(2)    pending adjudication of the foregoing, an Order

    (a)    temporarily restraining the Defendants from violating the aforementioned statutes

and rules;

    (b)    temporarily enjoining the Defendants, and their agents, employees, attorneys, or

other professionals, and anyone acting in concert with them, from prosecuting or

otherwise taking or continuing any action in the Bankruptcy Court for the

Northern District of Illinois.

    (c)    freezing the Defendants' assets as specified herein;

2

(d)    appointing a temporary receiver for Northshore, SCM, Ardent Domestic, and

Ardent Offshore;

(e)    directing each of the Defendants to provide verified accountings immediately;

(f)    prohibiting the destruction and alteration of documents; and

(g)    providing that the Commission may take expedited discovery in preparation for a

hearing on this Order to Show Cause.

The Court has considered (1) the Complaint filed by the Commission on February 15,

2005; (2) the Declaration of Andrea Hart, executed on February 15, 2005; and (3) the

memorandum of law in support of Plaintiff Commission's application.

Based upon the foregoing documents, the Court finds that a proper showing, as required

by Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, and Section 209 of the

Advisers Act, has been made for the relief granted herein, for the following reasons:

1.    It appears from the evidence presented that

(a)    the Defendants have violated, and, unless temporarily restrained, will

continue to violate, Section 17(a) of the Securities Act, and Section 10(b)

of the Exchange Act and Exchange Act Rule 10b-5, as charged in the

Complaint;

(b)    Defendants Northshore and SCM have violated, and Defendants Kelley,

Wildeman, and Sherman have aided and abetted Defendants' Northshore's

and SCM's violations, and unless temporarily restrained, will continue to

violate, or aid and abet violations of, Sections 206(1) and 206(2) of the

Advisers Act, as charged in the Complaint.

3

2.    It appears that an order freezing the Defendants' assets, as specified herein, is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3.    It appears that an order requiring each of the Defendants to provide a verified accounting of all assets, money and property held directly or indirectly by each of the Defendants, or by others for each of their direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

4.    It appears that the Defendants may attempt to destroy, alter or conceal documents.

5.    It appears that the appointment of a temporary receiver is necessary to (i) preserve the *status quo,* (ii) ascertain the true financial condition of Northshore, SCM, Ardent Domestic, and Ardent Offshore and the disposition of investor funds, (iii) prevent the further misappropriation or misuse of the property and assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore, (iv) prevent the encumbrance or disposal of property or assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore, (v) bring Northshore, SCM, Ardent Domestic, and Ardent Offshore into compliance with the law, and (vi) prevent the Defendants, their attorneys and agents, from utilizing the Chapter 11 bankruptcy process to dissipate or otherwise dispose of the assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore.

6.    Good and sufficient reasons have been shown why procedures other than by notice of motion is necessary.

7.    This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

## I.

IT IS HEREBY ORDERED that the Defendants show cause, if there be any, to this

Court at _10:30_ a.m. on the _25_ day of _February_ 2005, in Room _____ of the

United States Courthouse, _26B, 500 Pearl St._, New York, New York 10007 why this Court should not

enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the

Securities Act, Section 21 of the Exchange Act, and Section 209 of the Advisers Act

preliminarily enjoining

    (1)    the Defendants from violating Section 17(a) of the Securities Act, Section 10(b)

           of the Exchange Act and Exchange Act Rule 10b-5;

    (2)    Defendants Northshore, SCM, Kelley, Wildeman, and Sherman from violating

           Sections 206(1) and 206(2) of the Advisers Act.

## II.

IT IS FURTHER ORDERED that the Defendants show cause at that time why this

Court should not also enter an Order directing that, pending a final disposition of this action, the

Defendants, and each of their financial and brokerage institutions, officers, agents, servants,

employees, attorneys-in-fact, and those persons in active concert or participation with them who

receive actual notice of such Order by personal service, facsimile service or otherwise, and each

of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer,

pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets,

funds, or other property (including money, real or personal property, securities, commodities,

choses in action or other property of any kind whatsoever) of, held by, or under the control of the

Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Account Number | Institution | Name of Account Holder |
|---|---|---|
| 118-12973-1-6 | Banc of America Securities | Ardent Research Partners, L.P. |
| 118-01408-1-4 | Banc of America Securities | Ardent Research Partners, L.P. |
| 66198038 | Citigroup Global Markets, Inc. | Ardent Research Partners, L.P. |
| 522-43132-1-2 | JP Morgan Chase & Co. | Ardent Research Partners, L.P. |
| 313-12985-1-9 | Banc of America Securities | Ardent Research Partners, Ltd. |
| 313-13072-1-1 | Banc of America Securities | Ardent Research Partners, Ltd. |
| 7210023771 | Harris Bank | Northshore Asset Management, LLC |
| 071 000 770 533 034 3739 | American National Bank & Trust Co | Northshore Asset Management, LLC |
| 970 01963 | Jeffries & Co. Securities | Northshore Asset MGMT LLC |
| 970 02168 | Jeffries & Co. Securities | Northshore Asset MGMT LLC |
| 374-66019 | Jeffries & Co. Securities | Ardent Research |
| 374-66019 | Nations Banc Montgomery Sec | Ardent Research |
| 374-66019 | Prime Brokerage Service | Ardent Research |

## III.

IT IS FURTHER ORDERED that the Defendants show cause at that time why this Court should not also enter an Order directing that they each file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting, signed by each of the Defendants, and under penalty of perjury, of:

(1)    All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendants, including, without limitation, bank accounts,

6

brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2)     All money, property, assets and income received by the Defendants and each of them, or for their direct or indirect benefit, at any time from January 1, 2003 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3)     The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendants; and

(4)     All assets, funds, securities, and real or personal property received by the Defendants, and each of them, or any other person controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of Ardent Domestic and Ardent Offshore securities, from January 1, 2003 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

## IV.

IT IS FURTHER ORDERED that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with the access of the Plaintiff Commission to any and all documents, books, and records, that are in the possession, custody or control of the Defendants, their officers, agents,

7

employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that

refer, reflect or relate to the allegations in the Complaint, including, without limitation,

documents, books, and records referring, reflecting or relating to the Defendants' finances or

business operations, or the offer, purchase or sale of Ardent Domestic and Ardent Offshore

securities and the use of proceeds therefrom.

## V.

IT IS FURTHER ORDERED that the Defendants show cause at that time why this

Court should not also enter an Order appointing or continuing the appointment of a receiver for

Northshore, SCM, Ardent Domestic, and Ardent Offshore to (1) preserve the status quo, (2)

ascertain the financial condition of Northshore, SCM, Ardent Domestic, and Ardent Offshore,

and the disposition of investor funds, (3) prevent further dissipation of Northshore, SCM, Ardent

Domestic, and Ardent Offshore's property and assets, to prevent loss, damage, and injury to

investors, (4) preserve Northshore, SCM, Ardent Domestic, and Ardent Offshore's books,

records, and documents, and (5) be available to respond to investor inquiries. To effectuate the

foregoing, the temporary receiver would be empowered to:

(a)    Take and retain immediate possession and control of all of Northshore, SCM,

Ardent Domestic, and Ardent Offshore's (and each's subsidiaries and affiliates,

including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC;

NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners) assets

and property, and all books, records, and documents of Northshore, SCM, Ardent

Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including,

but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global

Opp Fund; NS Special Situation Fund I; and NSAM Partners), and all of

Northshore, SCM, Ardent Domestic, and Ardent Offshore's (and each's

subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT,

LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I;

and NSAM Partners) rights and powers with respect thereto;

(b)    Have exclusive control of, and be made the sole authorized signatory for, all

accounts at any bank, brokerage firm or financial institution that has possession or

control of any assets or funds of Northshore, SCM, Ardent Domestic, and Ardent

Offshore (and each's subsidiaries and affiliates, including, but not limited to,

NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS

Special Situation Fund I; and NSAM Partners);

(c)    Pay from available funds necessary business expenses required to preserve

Northshore, SCM, Ardent Domestic, and Ardent Offshore's (and each's

subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT,

LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I;

and NSAM Partners) assets and property, including the books, records, and

documents of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and

each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC;

NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation

Fund I; and NSAM Partners), notwithstanding the asset freeze imposed by

paragraph II, above;

9

(d)    Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(e)    Take preliminary steps to ascertain the disposition and use of funds obtained by Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners) resulting from the sale of securities issued by Ardent Domestic and Ardent Offshore;

(f)    Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the temporary receiver's duties and responsibilities hereunder;

(g)    Appear in the Bankruptcy Court in the Northern District of Illinois and take all necessary actions to preserve the assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners), and if appropriate, to determine whether to prosecute or seek dismissal of the Chapter 11 case in the Northern District of Illinois, file for relief and protection under the United States Bankruptcy Code on behalf of Ardent Domestic and Ardent Offshore (and each's subsidiaries and affiliates) after notice to all parties in this action;

(h)    Make, demand, file or otherwise handle any claim under any insurance policy held by or issued on behalf of Northshore, SCM, Ardent Domestic, and Ardent

10

Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners), their officers, directors, agents, employees, trustees or other person affiliated with them, and to take any and all steps in connection with such policies;

(i)    Take discovery in this action without further order of the Court; and

(j)    Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the temporary receiver.

## VI.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a)    employing any device, scheme or artifice to defraud;

(b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

11

in violation of Section 17(a) of the Securities Act.

## VII.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a)     employing any device, scheme, or artifice to defraud;

(b)     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

## VIII.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert,

12

while acting as an investment adviser or associated person of an investment adviser, by the use of any means or instrumentality of interstate commerce, or of the mails:

    (a)    employing any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client,

in violation of Sections 206(1) and 206(2) of the Advisers Act.

## IX.

    IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever

situated, including, but not limited to, all assets, funds, or other properties held in the following

accounts:

| Account Number | Institution | Name of Account Holder |
|---|---|---|
| 118-12973-1-6 | Banc of America Securities | Ardent Research Partners, L.P. |
| 118-01408-1-4 | Banc of America Securities | Ardent Research Partners, L.P. |
| 66198038 | Citigroup Global Markets, Inc. | Ardent Research Partners, L.P. |
| 522-43132-1-2 | JP Morgan Chase & Co. | Ardent Research Partners, L.P. |
| 313-12985-1-9 | Banc of America Securities | Ardent Research Partners, Ltd. |
| 313-13072-1-1 | Banc of America Securities | Ardent Research Partners, Ltd. |
| 7210023771 | Harris Bank | Northshore Asset Management, LLC |
| 071 000 770 533 034 3739 | American National Bank & Trust Co | Northshore Asset Management, LLC |
| 970 01963 | Jeffries & Co. Securities | Northshore Asset MGMT LLC |
| 970 02168 | Jeffries & Co. Securities | Northshore Asset MGMT LLC |
| 374-66019 | Jeffries & Co. Securities | Ardent Research |
| 374-66019 | Nations Banc Montgomery Sec | Ardent Research |
| 374-66019 | Prime Brokerage Service | Ardent Research |

## X.

IT IS FURTHER ORDERED that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, the Defendants file with this Court and

serve upon Plaintiff Commission, within three (3) business days, or within such extension of

time as the Commission agrees to, a verified written accounting signed by each of the Defendants

under penalty of perjury, of:

(1)    All assets, liabilities and property currently held, directly or indirectly, by or for

the benefit of the Defendants, including, without limitation, bank accounts,

brokerage accounts, investments, business interests, loans, lines of credit, and real

14

and personal property wherever situated, describing each asset and liability, its current location and amount;

(2)     All money, property, assets and income received by the Defendants, and each of them, or for their direct or indirect benefit, at any time from January 1, 2003 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3)     The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendants; and

(4)     All assets, funds, securities, and real or personal property received by the Defendants, and each of them, or any other person controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of Ardent Domestic and Ardent Offshore securities, from January 1, 2003 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

## XI.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody or control of the Defendants, their officers, agents, employees, servants, accountants, financial or brokerage

15

institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendants' finances or business operations, or the offer, purchase, or sale of Ardent Domestic and Ardent Offshore securities and the use of proceeds therefrom.

## XII.

IT IS FURTHER ORDERED, that _Arthur Steinberg_ , pending further order of this Court, be and hereby is appointed to act as temporary receiver for Northshore, SCM, Ardent Domestic, and Ardent Offshore to (1) preserve the status quo, (2) ascertain the financial condition of Northshore, SCM, Ardent Domestic, and Ardent Offshore, and the disposition of investor funds, (3) prevent further dissipation of Northshore's, SCM's, Ardent Domestic's, and Ardent Offshore's property and assets, to prevent loss, damage, and injury to investors, (4) preserve Northshore, SCM, Ardent Domestic, and Ardent Offshore's books, records, and documents, and (5) be available to respond to investor inquiries. To effectuate the foregoing, the temporary receiver is hereby empowered to:

(a)    Take and retain immediate possession and control of all of Northshore, SCM, Ardent Domestic, and Ardent Offshore's (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners) assets and property, and all books, records, and documents of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners), and all of

16

Northshore, SCM, Ardent Domestic, and Ardent Offshore's (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners) rights and powers with respect thereto;

(b)    Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners);

(c)    Pay from available funds necessary business expenses required to preserve Northshore's, SCM's, Ardent Domestic's, and Ardent Offshore's (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners) assets and property, including the books, records, and documents of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners), notwithstanding the asset freeze imposed by paragraph IX, above;

(d)    Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

17

(e)      Take preliminary steps to ascertain the disposition and use of funds obtained by Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners) resulting from the sale of securities issued by Ardent Domestic and Ardent Offshore;

(f)      Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the temporary receiver's duties and responsibilities hereunder;

(g)      Appear in the Bankruptcy Court in the Northern District of Illinois and take all necessary actions to preserve the assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners), and if appropriate, to determine whether to prosecute or seek dismissal of the Chapter 11 case in the Northern District of Illinois, file for relief and protection under the Federal Bankruptcy Code on behalf of Ardent Domestic and Ardent Offshore (and each's subsidiaries and affiliates) after notice to all parties in this action;

(h)      Make, demand, file or otherwise handle any claim under any insurance policy held by or issued on behalf of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS

Special Situation Fund I; and NSAM Partners), their officers, directors, agents, employees, trustees or other person affiliated with them, and to take any and all steps in connection with such policies;

(i)    Take discovery in this action without further order of the Court; and

(j)    Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the temporary receiver.

## XIII.

**IT IS FURTHER ORDERED** that the temporary receiver and all persons who may be engaged or employed by the temporary receiver to assist him in carrying out his duties and obligations hereunder shall not be liable for any act or omission of the temporary receiver or such person, respectively, or any of their partners, employees, or agents, unless it shall be proven that the temporary receiver or such other person in bad faith acted or omitted to act. This provision shall apply to claims based on conduct during the term of any agreement that may be entered into between the temporary receiver and any other person who may be engaged or employed by the temporary receiver hereunder, even if such claims are filed after the termination of any such agreement.

## XIV.

**IT IS FURTHER ORDERED** that the Northshore, Ardent Domestic, Ardent Offshore and SCM shall pay the reasonable costs, fees and expenses of the temporary receiver incurred in connection with the performance of his respective duties described herein, including, but not limited to, the reasonable costs, fees and expenses of all persons who may be engaged or employed by the temporary receiver to assist him in carrying out his duties and obligations. The temporary receiver shall be compensated at a rate of $ _____ per hour. All applications for costs, fees and expenses of the temporary receiver and those employed by him shall be made by

19

application to the Court setting forth in reasonable detail the nature of such costs, fees and expenses.

## XV.

IT IS FURTHER ORDERED that discovery is expedited as follows:  pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), and without the requirement of a meeting pursuant to F.R.C.P. 26(f), the Commission may:

(1)    Take depositions, subject to three (3) days' notice by facsimile or otherwise;

(2)    Obtain the production of documents, within three (3) days from service by facsimile or otherwise of a request or subpoena, from the Defendants, or any other persons or entities, including non-party witnesses;

(3)    Obtain other discovery from the Defendants, including further interrogatories and requests for admissions, within three (3) days from the date of service by facsimile or otherwise of such other discovery requests, interrogatories, or requests for admissions; and

(4)    Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail.

## XVI.

IT IS FURTHER ORDERED that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants on or before _5:00 pm_ _____, 2005, by personal delivery, facsimile, overnight courier, or first-class mail.

20

## XVII.

by hand.

IT IS FURTHER ORDERED that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than ~~Friday 21~~, 2005, at 4:00 p.m. Service shall be made by delivering the papers, ~~using the most expeditious means available~~, by that date and time, to the Northeast Regional Office of the Commission at 233 Broadway, 6th Floor, New York, New York 10279, Attn: Jack Kaufman, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall ~~have until~~ _____, Serve on the Commission ~~2005, at 5:00 p.m., to serve, by the most expeditious means available~~, any reply papers upon the on the return date Defendants, or upon their counsel, if counsel shall have made an appearance in this action then.

## XVIII.

IT IS FURTHER ORDERED that this Order shall be, and is, binding upon the Defendants, and each of their officers, agents, servants, employees and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

_____

UNITED STATES DISTRICT JUDGE

Issued at :   3:10 p .m.
             2/16 , 2005
             New York, New York

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,       :

                              Plaintiff,       :

          -against-                           :

NORTHSHORE ASSET MANAGEMENT, LLC,    :          Civil Action No.
ARDENT RESEARCH PARTNERS L.P.,         :          05-CV- 2192 (RO)
ARDENT RESEARCH PARTNERS, LTD.,        :
SALDUTTI CAPITAL MANAGEMENT, L.P.,     :
KEVIN KELLEY, ROBERT WILDEMAN, and     :
GLENN SHERMAN,                          :

                         Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AMENDED ORDER (1) CONVERTING THE TRO INTO A PRELIMINARY
INJUNCTION WITH REGARD TO THE CORPORATE DEFENDANTS; (2)
APPOINTING ARTHUR STEINBERG AS PERMANENT RECEIVER FOR THE
RECEIVERSHIP ESTATE; AND (3) IDENTIFYING THE NORTHSHORE
ENTITIES WHICH COMPRISE THE RECEIVERSHIP ESTATE**

        Upon the motion ("Motion") of Arthur Steinberg, the court-appointed receiver

("Receiver") for defendants Northshore Asset Management, LLC, Ardent Research

Partners L.P., Ardent Research Partners, Ltd., and Saldutti Capital Management, L.P.

(collectively, the "Corporate Defendants," and with their respective subsidiaries, affiliates,

related entities and funds, the "Receivership Estate"), seeking a written order (i) converting the

TRO into a preliminary injunction with regard to the Corporate Defendants *nunc pro tunc* to

February 25, 2005; (ii) appointing the Receiver as permanent receiver for the Receivership Estate

*nunc pro tunc* to February 25, 2005; and (iii) identifying the Northshore Related Entities[1] that

------------------------------

[1]        All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
Motion.

currently comprise the Receivership Estate (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief sought therein; and due notice of the Motion having been given, and it appearing that no other or further notice of the Motion need be provided; and the only objection to the Motion filed on behalf of the individual defendants Kevin Kelley, Robert Wildeman and Glenn Sherman on July 20, 2005 having been withdrawn pursuant to a Stipulation and Agreed Order entered by the Court; and the Court having determined that the relief sought in the Motion is in the best interest of the estates of the Receivership Estate and their creditors and all parties in interest; and the Court having entered an order dated September 9, 2005 granting the Motion ("September 9 Order"); and upon the Receiver's request at a hearing held on October 11, 2005 for an amendment of the September 9 Order to address a technical error contained therein; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted in all respects, as modified by this Amended Order; and it is further

ORDERED, that the TRO is converted to a preliminary injunction with respect to the Corporate Defendants and the Receivership Estate and is in full force and effect *nunc pro tunc* to February 25, 2005; and it is further

ORDERED, that the Receiver is appointed as permanent receiver for the Receivership Estate and is empowered to take all the actions provided in Section XII of the TRO with respect to the Receivership Estate *nunc pro tunc* to February 25, 2005; and it is further

ORDERED, that the following business entities and funds, which were listed in the original Motion but inadvertently omitted from the Receivership Estate entities chart contained in the September 9 Order, are part of and included within the Receivership Estate: Astor Fund LLC; NSCT, LLC; LaSalle Leveraged Fund LLC; and CCA Fund LLC; and it is further

ORDERED, that the following revised list of business entities and funds currently constitute the Receivership Estate:

| Name | Employee Identification Number |
|------|--------------------------------|
| Northshore Asset Management LLC | 35-2170019 |
| Saldutti Capital Management L.P. | 13-3648200 |
| Ardent Research Partners LP | 13-3647076 |
| Ardent Research Partners Ltd. | 01-0779868 |
| Astor Fund LLC | 32-0072780 |
| NSCT, LLC | 20-1710513 |
| LaSalle Leveraged Fund LLC | 36-4497912 |
| CCA Fund LLC | None |
| LaSalle Family Office LLC Trust | 56-2297622 |
| Cousin Family LLC Trust | 56-2297614 |
| Dewey Family LLC Trust | 56-2297612 |
| Kelley Family LLC Trust | 56-2297615 |
| Sherman Family LLC Trust | 56-2297617 |
| Wildeman Family 2002 Special Trust | 16-6531576 |
| Weigand Family LLC Trust | 56-2297618 |
| Forte Family Office LLC Trust | 32-6015581 |
| Rose Family Office LLC Trust | 30-6044905 |
| Northshore Master Fund LLC | 20-1013738 |
| Northshore Fund LLC | 20-1013669 |
| Northshore Global Opportunities | 20-1013783 |
| Northshore IV | None |
| Northshore Special Situations Fund | 20-0976485 |
| Northshore Statistical Opportunity Fund | 20-0976438 |
| Randolph Special Situation Fund LLC | 32-0052860 |
| Northshore Asset Management LLC 401K Profit Sharing Plan& Trust | 20-1088356 |
| Guggenheim Portfolio Company LLC | None |
| Partners Group Alternative Strategies Ltd. | 01-0779873 |
| Northshore Associates | 20-1013604 |
| SKS LLC | None |
| Wildeman Holdings | 37-9849908 |
| Venture Development LP | None |

ORDERED, that notwithstanding the *nunc pro tunc* nature of certain provisions of this Order, the 10-day filing period set forth in 28 U.S.C. § 754 shall re-commence on the date this

Order is entered on the docket to allow the Receiver to file copies of this Amended Order, if necessary; and it is further

ORDERED, that the requirement set forth in Rule 7.1 of the Local Civil Rules of the United States District Court for the Southern District of New York requiring the filing of a memorandum of law is hereby waived; and it is further

ORDERED, that the Receiver shall cause copies of this Amended Order, within three business days after entry on the docket, to be served on all parties who received notice of the original Motion; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
        October 27, 2005

_____
UNITED STATES DISTRICT COURT JUDGE